TROUTMAN PEPPER HAMILTON SANDERS LLP
Chad R. Fuller, Bar No. 190830
chad.fuller@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone:  858.509.6000
Facsimile:   858.509.6040

Jenna U. Nguyen, Bar No. 307929
jenna.nguyen@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone:  949.622.2700
Facsimile:   949.622.2739

*Attorneys for Defendants*
Anthem Blue Cross Life and Health Insurance Company;
Anthem, Inc., an Indiana corporation (erroneously sued
as doing business in California as Anthem Health, Inc.);
The Anthem Companies of California, Inc.; The Anthem
Companies, Inc.; Anthem Insurance Companies, Inc.;
Blue Cross of California

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DISCOVERY HOUSE, LLC, a California limited liability company; DISCOVERY TRANSITIONS OUTPATIENT, INC., a California corporation; DHP HEIGHTS, LLC, doing business as CIRCLE OF HOPE, a California limited liability company; MT GOLDEN CORPORATION, doing business as ADJUSTMENTS FAMILY SERVICES, a California corporation; MT PROCESS LLC, doing business as DIVINE DETOX, a California limited liability company,<br><br>Plaintiffs,<br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; ANTHEM INC., an Indiana corporation doing business in | Case No.   2:21-cv-2330<br><br>Removal from Orange County Superior Court Case No. 30-2021-01179856-CU-BC-CJC<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441**<br><br>**[ERISA Federal Question Jurisdiction]**<br><br>[*Filed concurrently with Civil Cover Sheet and Certificate of Interested Parties*]<br><br>Complaint Filed: January 19, 2021 |

113221880

California as ANTHEM HEALTH, INC.; THE ANTHEM COMPANIES OF CALIFORNIA, a California corporation; THE ANTHEM COMPANIES, INC., an Indiana corporation; ANTHEM INSURANCE COMPANIES, INC., an Indiana corporation; BLUE CROSS OF CALIFORNIA, a California corporation; BLUE CROSS AND BLUE SHIELD ASSOCIATION, an Illinois corporation; VIANT, INC., a Nevada corporation; MULTIPLAN, INC., a New York corporation; and DOES 1 through 100, inclusive,

Defendants.

**TO THE CLERK OF THE U.S. DISTRICT COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that Defendants Anthem Blue Cross Life and Health Insurance Company; Anthem Inc., an Indiana corporation (erroneously sued as doing business in California as Anthem Health, Inc.); The Anthem Companies of California, Inc.; The Anthem Companies, Inc.; Anthem Insurance Companies, Inc., and Blue Cross of California (collectively "Anthem"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses including those available under Rule 12 of the Federal Rules of Civil Procedure, hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. Sections 1331, 1367 and 1441(a) and 29 U.S.C. 1132(e)(1). As grounds in support of this Notice of Removal, Anthem respectfully states as follows:

**I.  BACKGROUND**

1. On February 16, 2021, Anthem accepted service of the summons and complaint in this action, executing its Notice of Acknowledgment and Receipt, a true and correct copy of which is attached hereto as **Exhibit A**. A true and correct copy of the other contents of the Orange County Superior Court case file is attached hereto as **Exhibit B**. The action was filed on January 19, 2021, by Plaintiffs the Discovery

House, LLC; Discovery Transitions Outpatient, Inc.; DHP Heights, LLC; Mt Golden Corporation; and Mt Process LLC ("Plaintiffs") in the Superior Court for the State of California, County of Orange, styled and captioned exactly as above, and assigned Case No. 30-2021-01179856-CU-BC-CJC (the "State Court Action").

2. The Complaint identified the Anthem entities as named defendants, along with three other entities, Viant, Inc., MultiPlan, Inc., Blue Cross and Blue Shield Association, and "Doe" defendants. Anthem is informed and believes that none of the unidentified Doe defendants have been served in this matter. No other pleadings or papers have been filed in the action.

## II. GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

3. Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

4. In Count I of the Complaint, Plaintiffs assert "Claims for Plan Benefits Under ERISA, 29 U.S.C. § 1332(a)(1)(B)." (Compl. ¶¶ 125-139.) Plaintiffs allege that Defendants have violated the Employee Retirement Income Security Act ("ERISA") in a variety of ways. (*E.g., id.* ¶135(a)-(p).) Because Plaintiffs assert claims explicitly arising under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." See 29 U.S.C. § 1132(a). This alone provides ample grounds for removal.

5. However, this Court also has additional grounds for removal based on Plaintiffs' Counts III-V. Under the doctrine of complete preemption, the district court has original jurisdiction of "all civil actions arising under the Constitution,

laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes.") (internal quotations and citations omitted). Under this doctrine, multiple of Plaintiffs' state-law causes of action are entirely encompassed by Section 502(a) of ERISA, 29 U.S.C. Section 1132(a) and those claims in the Complaint are converted into federal claims for purposes of the well-pleaded complaint rule. *Id.*

6. Here, on information or belief, at least some of the state law claims asserted relate to patients who are covered by ERISA-governed employee benefit plans. (Compl. ¶¶ 125-139.)

7. Plaintiffs assert claims, and seeks relief, regarding services allegedly provided to patients with health insurance that was sold, insured and/or administered by Defendants. (Compl. ¶ 20.) Plaintiffs' Complaint does not identify the patients and it has not yet provided a list of those patients to Anthem. (*See Id.*). However, Plaintiffs' Complaint on its face makes clear that at least some of those patients are beneficiaries or participants in ERISA health plans. (*Id.* ¶¶ 125-139.) Specifically, Plaintiffs allege that "Traditionally, insurers and employers have covered treatment for mental health conditions, including substance use disorders, less favorably than treatment for physical health conditions, including higher cost-sharing obligations for patients, more restrictive limits on the number of inpatient days and outpatient visits, and more onerous prior authorization requirements. To address this unequal treatment, Congress first passed a mental health parity law in 1996, and many states followed suit in the following decade by passing laws of their own. Among other limitations, however, the 1996 act did not address the treatment of substance use disorders. Congress addressed this gap in passing the historic Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA),

42 U.S.C. § 300gg-26, which, among other things, prohibits most plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., from imposing different treatment limits, cost sharing and in-network and out-of-network coverage on mental health and substance use disorder treatment than are imposed on other medical and surgical services. Furthermore, ERISA requires fiduciaries to act solely in the interests of plan participants and beneficiaries, and to decide claims for health care benefits in accordance with plan documents and under a full and fair procedure." (*Id.* ¶ 38.)

8. For "each" of the patients whose claims give rise to this lawsuit, including the patients identified above, Plaintiffs "obtained a written assignment of benefits" to assert "all rights and causes of action" against Anthem. (Compl. ¶ 47.) Thus, Plaintiffs could have brought suit as assignees under ERISA for the portion of their patients whose claims for benefits are covered under ERISA plans.

9. Under the complete preemption doctrine, the legal claims that Plaintiffs seek to adjudicate with respect to these ERISA plans are properly characterized as claims under ERISA Section 502(a), even though they are pled as state law claims. After *Davila*, the Ninth Circuit has held that a state-law cause of action is completely preempted if "(1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions*." Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102, 1107-08 (9th Cir. 2011) (citations omitted). As explained further below, each of Plaintiffs' claims satisfies that test.

10. Upon information and belief, Plaintiffs' claims for breach of written contract, breach of implied covenant of good faith and fair dealing, breach of implied contract, breach of oral contract, promissory estoppel, and unfair competition relate to the enforcement of rights and the payment of benefits under ERISA-governed health benefits plans. 29 U.S.C. § 1132(a). For each of these causes of action, Plaintiffs make clear that it is asking the Court to adjudicate claims for benefits under

ERISA Section 502(a)(1)(B), and to award damages pursuant to ERISA where ERISA plans are at issue. (Compl., *passim*).

11. Although couched in state law causes of action, the Complaint attempts to adjudicate rights that are properly characterized as claims under ERISA. Because Plaintiffs' claims for breach of written contract, breach of implied covenant of good faith and fair dealing, breach of implied contract, breach of oral contract, promissory estoppel, and unfair competition attempt to adjudicate rights that arise under federal law, this Court has federal question jurisdiction over these claims, which are inherently federal in nature. Likewise, each of Plaintiffs' state law claims (unless expressly stated that they are directed to non-ERISA health benefits plans as in the Second Cause of action) requires interpretation of the ERISA plan terms and seeks to enforce obligations imposed by ERISA, not any independent duties. Therefore, Plaintiffs' claims for breach of written contract, breach of implied covenant of good faith and fair dealing, breach of implied contract, breach of oral contract, promissory estoppel, and unfair competition are preempted and removal is proper. See *Melamed, M.D. v. Blue Cross of California*, 557 Fed. Appx. 659, 661 (9th Cir. 2014) (complete preemption of an individual claim is sufficient for removal to be proper). Courts uniformly recognize that such claims seeking ERISA plan benefits are completely preempted; *Cleghorn v. Blue Shield*, 408 F.3d 1222, 1226 (9th Cir. 2005) (ERISA preempted claim that insurer refused to reimburse [patient] for the emergency medical care he received); *Lodi Mem. Hosp. Ass'n v. Tiger Lines, LLC*, 2015 U.S. Dist. LEXIS 110495, at *16 (E.D. Cal. Aug. 20, 2015) (ERISA preempted claims where "Plaintiffs identify no independent contract, agreement or obligation apart from obligations under the plan agreement itself").

12. Specifically, Plaintiffs' claim for "breach of written contract" (Count II) is properly characterized as a claim for ERISA benefits. Plaintiffs allege that "Plaintiffs obtained written assignments of benefits from each of the insureds at issue, by which Defendants' insureds intended to, and did, assign to Plaintiffs not only

rights to payment of claims but to assert all rights and causes of action against Defendants in connection with such claims." (Compl. ¶ 145.) Put otherwise, Plaintiffs' breach of contract action seeks payment of claims under the terms of the policies themselves. Because at least some of those policies are governed by ERISA, Plaintiffs' breach of contract claim is essentially a claim for ERISA plan benefits and will necessarily require interpretation of the ERISA plan terms at issue. Such claims are preempted. *Heldt v. Guardian Life Ins. Co. of Am.*, 2017 U.S. Dist. LEXIS 36490, at *14 (S.D. Cal. Mar. 13, 2017) (holding ESISA preempted breach of contract claim based on "breach of the Policy that Defendant is responsible for administering" under ERISA); *Smilow v. Anthem Life & Disability Ins. Co.*, 2015 U.S. Dist. LEXIS 159643, at *57 (N.D. Cal. Nov. 24, 2015) (holding ERISA completely preempted breach of contract claim "premised on the insurance contract" itself).

13. Furthermore, Plaintiffs' "breach of written contract" claim is preempted for the independent reason that Plaintiffs claim to be entitled to relief as "an express and intended third-party beneficiary of the written contracts (the policies) between Defendants and the 513 patients treated by Plaintiffs . . . ." (Compl. ¶ 150.) That allegation alone supports removal, as ERISA completely preempts a provider's claim that it "is owed money as a third-party beneficiary under the terms of [its] patient's ERISA plan." *Melamed*, 557 Fed. Appx. at 661 (affirming district court's holding that removal was proper where provider claimed to be "third-party beneficiary" of patient's ERISA plan benefits). For all of those reasons, Count I is preempted.

14. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing (Count III) is preempted because it is premised on Plaintiffs' recovery of benefits as "an assignee and intended beneficiary of its patients' health insurance plans issued, managed and/or administered by Defendants and the rights conferred thereunder." (Compl. ¶ 162.) The alleged breaches include "withholding of proper claim payments"; "making unreasonable demands on Plaintiffs"; "not engaging in a prompt, full[,] and complete investigation of Plaintiffs' claims"; and "interpreting the

policies in an unduly restrictive manner." (Id. ¶ 165.) ERISA preempts good faith and fair dealing claims that seek to recover ERISA benefits. *See Supel v. Northrop Grumman Corp.*, 2018 U.S. Dist. LEXIS 203536, at *12 (S.D. Cal. Nov. 30, 2018) ("Plaintiffs' state-law claim for breach of the implied covenant falls squarely within the civil enforcement provisions of ERISA and is, therefore, completely preempted."). Count III is therefore preempted.

15. In addition, Plaintiffs' claim for breach of implied contract (Count IV) and "oral contract" (Count V) are properly characterized as claims for ERISA benefits. Plaintiffs allege that an implied contract existed due to the parties' "course of conduct." (Compl. ¶ 175.) But that "course of conduct" consisted of Plaintiffs calling Anthem to obtain "authorization and verification of benefits," i.e., Plaintiff's patients' ERISA benefits. (*Id.* ¶ 175.) Plaintiffs similarly allege that the same authorization and verification calls constituted an "oral contract" to pay "on the same terms as provided for in the policies." (*Id.* ¶¶ 192.) Those alleged calls and communications are not only communications about the terms of ERISA plans, but also are undertaken pursuant to ERISA's claims regulations and plan terms. Courts hold that such claims are completely preempted. *Melamed*, 557 Fed. Appx. at 661 (holding implied contract claim is "completely preempted" because claim existed "only because of [the defendant's] administration of ERISA-regulated benefit plan) (citation omitted). For those patients with ERISA-governed health benefits plans, both Count IV and V seek benefits due under the terms of the ERISA plans in question and, as such, are preempted by ERISA.

16. Plaintiffs' remaining claims—for promissory estoppel (Count V), quantum meruit (Count VI), and statutory unfair competition (Count VII)—are all preempted for those patients with ERISA-governed health benefits plans for the same reason: any alleged obligation to pay arises from ERISA or the terms of ERISA plans.

17. Plaintiffs' promissory estoppel claim (Count V) is based on purported promises to pay claims for benefits "*on the same terms as provided for the in policies*

*between Defendants and their insureds.*" (Compl. ¶ 192, emphasis supplied.) ERISA completely preempts promissory estoppel claims that are nothing more than "claims[s] for accrued benefits under [an ERISA] Plan." *Yaralian v. Fastovsky*, 2016 U.S. Dist. LEXIS 17161, at *12 (C.D. Cal. Feb. 10, 2016); *Montour v. Hartford Life & Accident Ins. Co.*, 2007 U.S. Dist. LEXIS 104431, at *12-13 (C.D. Cal. Oct. 1, 2007) ("The complete preemption doctrine thus vests this Court with jurisdiction over Plaintiffs' promissory estoppel claim."). Count V seeks benefits pursuant to ERISA plan terms and is therefore preempted.

18. Finally, Plaintiffs' Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et. seq.* (Count VII) is also preempted for those patients with ERISA-governed health benefits plans. UCL claims for denials of ERISA benefits are preempted. *Lodi Mem'l Hosp. Ass'n v. Tiger Lines, Ltd. Liab. Co.*, 2015 U.S. Dist. LEXIS 110495, at *19 (E.D. Cal. Aug. 20, 2015). Injuries that derive solely from ERISA, such as a failure to pay benefits, cannot be used as the injury in fact or economic loss for a UCL claim because those are derivative claims subject to ERISA's exclusive remedies. *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1227 (9th Cir. 2005) (holding that a UCL claim could not be based upon liabilities created by ERISA); *see also Leonard v. Metlife Ins. Co.*, 2013 U.S. Dist. LEXIS 200342, at *16 (C.D. Cal. Feb. 25, 2013) (ERISA completely preempted UCL claim because any obligation that Defendant has to pay benefits . . . arises from its administration of the ERISA-regulated plan"). Here, the heart of Plaintiffs' UCL claim are that Defendants "unjustifiably withh[eld] proper payment of claims," i.e., claims arising under the terms of ERISA benefit plans. (Compl. ¶ 200.) Count VII is therefore preempted.

19. Alternatively, to the extent the UCL claim purports to raise claims under the federal Mental Health Parity Act, it is preempted because that Act is incorporated into ERISA under 29 U.S.C. Section 1185(a). Although Plaintiffs do not identify the "state or federal law" violations giving rise to its UCL claim (see Compl. ¶¶ 198-

201), Plaintiffs elsewhere allege that "Defendants' practices were similarly unfair, fraudulent and unlawful under state and federal law in that they violate the Mental Health Parity and Addiction Equity Act ('MHPAEA')." (Id. ¶ 38.) If premised upon the MHPAEA, Plaintiffs' UCL claim seeks to adjudicate claims that are both completely preempted by ERISA and also present federal questions under 28 U.S.C. Section 1331.

20. Accordingly, multiple of Plaintiffs' claims arises under the laws of the United States and could have been originally filed in this Court.

21. Further, 28 U.S.C. § 1441(c) allows for the removal of an entire action even when removable claims are joined with non-removable claims. Thus, this Court has supplemental jurisdiction over any otherwise non-removable claims—or causes of action—and may determine all issues raised in the Complaint.

### III. COMPLIANCE WITH STATUTORY REQUIREMENTS

22. Because Anthem accepted service of the Complaint on February 16, 2021 and executed the Notice of Acknowledgment of Receipt, removal is timely because it is within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

23. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are collectively attached hereto as **Exhibits A and B**. Upon information and belief, no other related process, pleadings, or orders have been served upon Anthem.

24. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending. Specifically, Plaintiffs filed this action in the Superior Court for the State of California, County of Orange (*see* Ex. A), which is located within the Central District of California. Therefore, this action may be removed to this Court.

25. In accordance with 28 U.S.C. § 1446(d), a copy of Anthem's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Orange.

26. In accordance with 28 U.S.C. § 1446(d), Anthem is also contemporaneously serving this Notice of Removal on all adverse parties.

### IV. CONSENT OF CO-DEFENDANTS

27. Counsel for Defendants Viant, Inc., MultiPlan, Inc., Blue Cross and Blue Shield Association have consented to removal.

28. Accordingly, removal is proper pursuant to 28 U.S.C. § 1446(b)(2).

### V. RESERVATION OF RIGHTS

29. Anthem denies the allegations contained in Plaintiffs' Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, and/or obligations that may exist in its favor in either state or federal court, including any defense or affirmative matter under California law and/or Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

30. Further, in making the allegations in this Notice of Removal, including referencing allegations in the Complaint, Anthem does not concede in any way that (i) the allegations from the Complaint quoted, *supra*, by Anthem are Anthem's, (ii) that Plaintiffs have asserted a claim upon which relief can be granted, and/or (iii) that recovery of any of the amounts sought is authorized or appropriate.

31. Anthem also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Anthem expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Defendants Anthem Blue Cross Life and Health Insurance Company; Anthem, Inc., an Indiana corporation (erroneously sued as doing business in California as Anthem Health,

Inc.); The Anthem Companies of California, Inc.; The Anthem Companies, Inc.; and Anthem Insurance Companies, Inc. request to remove this action from the Superior Court in and for Orange County, California, to the United States District Court for the Central District of California, Southern Division, and requests such other and further relief as the Court deems appropriate and just.

Dated: March 16, 2021  TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Chad Fuller*
Chad Fuller
Jenna U. Nguyen

*Attorneys for Defendants*
Anthem Blue Cross Life and Health Insurance Company; Anthem, Inc., an Indiana corporation (erroneously sued as doing business in California as Anthem Health, Inc.); The Anthem Companies of California, Inc.; The Anthem Companies, Inc.; Anthem Insurance Companies, Inc.; Blue Cross of California